IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

**GERMAN ROSADO SANTANA**
**LILLIAN ALEJANDRO DIAZ,**

    **Debtors**

**GERMAN ROSADO SANTANA**
**LILLIAN ALEJANDRO DIAZ,**

    **Appellants**

v.

**SANTANDER FINANCIAL SERVICES, INC.**

    **Appellee**

**APPEAL NO. 18-1082 (GAG)**

**BANKR. CASE NO. 16-9874**

## OPINION AND ORDER

German Rosado Santana and Lilian Alejandro Diaz ("Debtors/Appellants") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Bankr. Case No. 16-9874. On December 1, 2017, the bankruptcy court granted Creditor's motion to lift the automatic stay. Two weeks later, Debtors filed a motion for reconsideration, which the bankruptcy court denied on January 26, 2018. (Docket No. 1-1).[1] On February 9, 2018, Debtors filed a notice of appeal of the order lifting the stay and the order denying the reconsideration. Id. Appellee moves to dismiss this appeal for lack of subject matter jurisdiction because it was time-barred. (Docket No. 5). For the reasons below Appellee's motion to dismiss is **DENIED**.

---

[1] All citations to the docket are for Appeal No. 18-1082.

## I. Standard of Review

District courts have jurisdiction over appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C.A. § 158. Orders granting stay relief are considered "final and appealable." In re Atlas IT Export Corp., 761 F.3d 177, 182 (1st Cir. 2014). When jurisdiction is proper, Appellate courts reviewing a bankruptcy appeal generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. TI Fed. Credit Union v. Del Bonis, 72 F.3d 921, 928 (1st Cir. 1995); In re Savage Indus., Inc., 43 F.3d 714, 719-20 n.8 (1st Cir. 1994). In addition to the clearly erroneous and *de novo* standards of review, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court." Id. (quoting 9E Am. Jur. 2d Bankruptcy § 3512 (2004)).

## II. Relevant Factual Background

Appellee filed a motion seeking relief from the automatic stay under 11 U.S.C. § 362(d)(1), (d)(4). (Docket No. 1-4 at 8). The bankruptcy court held a hearing on August 29, 2017, and stated in its minutes that the parties had thirty days to reach an agreement, otherwise the stay would be lifted automatically. Id. at 10 ( "Upon the reasons stated in open court, parties are granted thirty (30) days to file stipulation or joint motion for consent judgment. Upon failure to so file, the stay is lifted automatically."). For simplicity, the Court shall refer to the August 29 Order as Order #1.

On September 12, 2017, Appellants filed a motion for reconsideration as to Order #1 asking the bankruptcy court to amend the hearing's minute. (Id. at 11). According to Appellants, the minutes' assertion that the stay would lift automatically inaccurately reflected what was said in court. (Docket No. 5-2 at 2). Without ruling on Appellants' motion, the bankruptcy court amended the minutes on November 28, 2017. (Docket No. 1-4 at 12). In relevant part, the amended minutes state: "If no agreement is reached, the Court *will lift the stay* under §362(d)(l)." (Docket No. 1-4 at 11) (emphasis added).

Three days later, on December 1, the bankruptcy court entered an order stating that it had amended the minutes, and therefore, Appellant's motion for reconsideration was moot. id. at 12. In the same order, it also granted Appellee's motion to lift the stay. Id. ("The Motion to Lift of Stay, docket entry No. 52, *is granted and the stay is lifted* under 11 U.S.C. § 362 (d)(1) in favor of [Appellee].") (emphasis added). For simplicity, the Court will refer to this order as Order #2.

Appellants filed a motion for reconsideration as to Order #2 on December 15, 2017. (Docket No. 5-6 at 7 ("requesting the Court to reconsider its Stay Order" issued on December 1)). Appellee opposed the motion for reconsideration, labeling it as a second motion for reconsideration against Order #1. The bankruptcy court agreed with Appellee and denied the motion "for the reasons [Appellee] stated" on January 26, 2018. (Docket No. 1-3). On February 9, 2018, Appellants appealed Order #2 and the bankruptcy court's denial of its motion for reconsideration of Order #2. (Docket No. 1-1).

In sum, the dispositive timeline is as follows:

- August 29: Order #1 (stay will be lifted unless conditions are met)
- September 12: Motion for reconsideration of Order #1 (stating that minutes were inaccurate).
- December 1: Order #2 (finding conditions were not met, lifting stay)
- December 15: Motion for reconsideration of Order #2.
- January 26: Motion for reconsideration regarding Order #2 denied.
- February 9: Appeal of Order #2 and appeal of denial of motion for reconsideration regarding Order #2.

### III. Discussion

Appellee argues that the Court lacks subject matter jurisdiction over this appeal because it was untimely. Rule 8002 of the Federal Rules of Bankruptcy Procedure establishes a general fourteen-day

period to file a notice of appeal from the date of entry of a judgment, order, or decree, which includes an order granting stay relief. See In re Atlas IT Export Corp., 761 F.3d at 182; FED. R. BANKR. P. 8002. However, a motion to alter or amend a judgement stops the fourteen-day countdown and "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Id. 8002(b). "Therefore the time for appeal runs from the entry of the order disposing of the last outstanding motion filed under FED. R. BANKR. P. 8002(b), including the motion for reconsideration." See In re Roblex Aviation, Inc., No. 12-06341 (BKT), (Bankr. D.P.R. 2013). A second motion for reconsideration, however, *does not* toll the deadline to appeal. See Aybar v. Crispin-Reyes, 118 F.3d 10, 14 (1st Cir. 1997) ("[T]he deadline for filing the notice of appeal is not tolled by a second motion for reconsideration."); In re Cantera Dorado, Inc., 512 B.R. 126, 129 (D.P.R. 2014) (applying Aybar in the context of a motion to dismiss a bankruptcy appeal for lack of subject matter jurisdiction).

The Court has jurisdiction over the appeal of Order #2 and the denial of the motion for reconsideration as the final orders granting stay relief, but the issue is whether Appellants paused the fourteen-day countdown for appeal when they moved to reconsider Order #2 on December 15. According to Appellee, the motion for reconsideration filed on December 15 did not pause the appeal deadline. Appellee suggests that Order #1 (announcing that the stay *would be lifted* unless certain conditions were met) and Order #2 (*lifting* the stay) are the same. To be precise, Appellee argues that Order #2 was a "confirmation" of Order #1. See Docket No. 5-7 at 4. Hence, since Appellants filed a motion to reconsider Order #1, the motion to reconsider Order #2 was a second motion that did not pause the fourteen-day deadline to appeal under First Circuit case law. See Aybar, 118 F.3d at 14. But Appellants counter that they did not file a "second" motion for reconsideration on December 15. For Appellants, Order #1 and Order #2 are two separate orders. Hence, Appellants could file a motion to reconsider each, and the "second" motion filed on December 15 paused the fourteen-day appeal

Civil No. 18-1802 (GAG)

deadline for Order #2. Thus, the fourteen-day window re-opened on January 26, when the bankruptcy court denied the motion for reconsideration as to Order #2.

The Court agrees with Appellants that Order #1 announcing the stay would be lifted and Order #2 lifting the stay are two different orders, entailing two different findings. Therefore, Appellant could file a motion to reconsider each. Order #2 was entered on December 1. The deadline to appeal Order #2 was December 15. By filing a motion for reconsideration as to Order #2 on December 15, Appellants paused the deadline to appeal. The fourteen-day countdown restarted on January 26, 2018, when the bankruptcy court denied the motion for reconsideration. And since Appellants filed their appeal on February 9, fourteen days after, the appeal is thus timely.

The sequential confusion surrounding these orders might arise from the fact that Order #2 contained two orders: one lifting the stay and another order denying the motion for reconsideration for Order #1 as moot. Appellants could not file a motion to reconsider the denial of its motion for reconsideration as moot. But that is not the case here, where Appellants are challenging the order lifting the stay. When one order is subject to reconsideration and the other is not, issuing them separately could prevent this kind of confusion in the future.

IV. **Conclusion**

Appellee's motion to dismiss for lack of subject matter jurisdiction based on an untimely appeal is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 4th day of May, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge