IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**IN RE:**

**GERMAN ROSADO SANTANA, ET AL,**

    **Debtors**

**GERMAN ROSADO SANTANA, ET AL,**   **APPEAL NO. 18-1082 (GAG)**

    **Appellants**   **BANKR. CASE NO. 16-9874 (BKT)**

**v.**

**SANTANDER FINANCIAL SERVICES, INC.,**

    **Appellee.**

**OPINION AND ORDER**

German Rosado Santana and Lillian Alejandro Diaz ("Debtors") appeal the orders issued by the United States Bankruptcy Court for the District of Puerto Rico granting Santander Financial Services' ("Creditor") Motion for Relief from stay under 11 U.S.C. § 362(d)(1) and denying Debtors' motion for reconsideration. (Docket Nos. 1-2; 1-3). For the reasons discussed below, the Court **AFFIRMS** in part, and **REMANDS** in part, the Bankruptcy Court's decision.

**I.**  **Relevant Factual Background**

Debtors filed for bankruptcy under Chapter 11, which automatically stayed creditors' claims against them. (Docket No. 1-4 at 2). In time, Creditor moved to lift the stay, arguing that Debtors had failed to: (1) submit evidence of coverage and payment in full of hazard insurance (fire and hurricane) endorsed in favor of Creditor, and (2) make monthly adequate protection payments to Creditor. Id. at 8. In response, Debtors alleged that Creditor's collateral was adequately insured

**Civil No. 18-1082 (GAG)**

and they were providing adequate protection payments. Id. at 9. To address the conflict, the Bankruptcy Court held a hearing, and found that Debtors did not have hazard insurance coverage for Creditor's collateral and owed Creditor seven monthly adequate protection payments of $3000.00 each. Id. at 10-11. Initially, the Bankruptcy Court granted Debtors ten days to acquire proper insurance and to cure their arrears in protection payments. Id. at 11. However, after Debtors requested reconsideration, the Bankruptcy Court ordered Debtors to reach an agreement with Creditor by September 28, 2017. Id. The Bankruptcy Court would lift the stay if the two parties did not reach an agreement. Id.

On September 19, 2017 Hurricane Maria struck Puerto Rico and the Court suspended all deadlines until November 6, 2017. (MC No. 17-509). The island's infrastructure was severely damaged, and according to Debtors' counsel, he could not get in touch with Debtors until the end of October. (Docket No. 6 at 10). On October 31, 2017, Debtors sent an email to Creditor proposing an agreement, as stipulated at the hearing. (Docket No. 9-6 at 42-43). Claiming that Creditor never confirmed receipt of this email, Debtors sent another email on November 28, 2017. Id. at 43-44. Three days later, on December 1, 2017, the Bankruptcy Court entered an order granting Creditor's motion to lift the stay. (Docket No. 1-2).

Debtors moved for reconsideration, arguing that Creditor ignored their efforts to reach an agreement and, therefore, the stay was lifted. (Docket No. 1-4 at 97). Creditor opposed the Motion for Reconsideration, arguing that it was a prohibited second attempt to request reconsideration of the lift of stay. Id. at 101. The Bankruptcy Court denied Debtors' Motion for Reconsideration of the lift of stay order "for the reasons stated by [Creditor] at docket entry #101." (Docket No. 1-3).

As a result, Debtors appealed the order lifting the stay and the order denying their Motion for Reconsideration. (Docket No. 1). On appeal, Creditor filed a Motion to Dismiss arguing that the

**Civil No. 18-1082 (GAG)**

District Court lacked subject matter jurisdiction over this appeal because it was untimely. (Docket No. 5). Creditor asserted Debtors filed two motions to reconsider a single order, and therefore the second did not extend the deadline to appeal. Id. The District Court denied the motion, and held that Debtors' two motions to reconsider were for two different orders. (Docket No. 16). Now this Court must decide whether the Bankruptcy Court abused its discretion by finding cause to lift the automatic stay and denying Debtors' Motion for Reconsideration.

**II.     Jurisdiction**

This is an appeal of the orders by the United States Bankruptcy Court for the District of Puerto Rico on December 1, 2017, and January 26, 2018, in Bankruptcy Case No. 16-9874 (BKT). The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. § 1334, which confers jurisdiction as to all matters arising under 11 U.S.C. §§ 101, et seq. It also enjoys jurisdiction under this Court's resolution from July 19, 1984, which refers all Title 11 matters to the United States Bankruptcy Court for the District of Puerto Rico. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1), which enables district courts of the United States to hear appeals from final judgments, orders and decrees of the Bankruptcy Court.

**III.    Standards of Review**

Appellate courts reviewing a bankruptcy appeal generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995). In addition to the clearly erroneous and *de novo* standards of review, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court." In re San Miguel Sandoval, 327 B.R. 493, 506 (1st Cir. B.A.P. 2005) (quoting 9E Am. Jur. 2d Bankruptcy § 3512 (2004)). "An abuse of discretion occurs 'when

**Civil No. 18-1082 (GAG)**

a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.'" Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 336 (1st Cir. 1997) (quoting Foster v. Mydas Assoc., Inc., 943 F.2d 139, 143 (1st Cir. 1991)).

### IV.   Discussion

This appeal raises two issues. The first is whether the Bankruptcy Court abused its discretion by lifting the automatic stay for cause. To answer this question, the Court must also determine whether the Bankruptcy Court committed a "clear error" in its finding of fact that Debtors failed to provide adequate protection for Creditor's interest. The second issue is whether the Bankruptcy Court abused its discretion when it denied Debtors' motion to reconsider the order lifting the stay based on Creditor's argument that it was a second motion for reconsideration.

For the reasons discussed below, the Bankruptcy Court did not abuse its discretion when it found cause to the lift of stay. However, as this Court has already established, Debtors' motion to reconsider was not an improper second motion for reconsideration. (Docket No. 16). Thus, the Bankruptcy Court's order granting Creditor's motion for relief from stay is **AFFIRMED**. However, the order denying Debtors' motion for reconsideration is **REMANDED** for further consideration from the Bankruptcy Court.

#### A.   Order Lifting Stay

The Bankruptcy Court may lift an automatic stay "for cause," which includes "the lack of adequate protection of an interest in property" of the party in interest. 11 U.S.C. § 362(d)(1). The Bankruptcy Court's decision to lift the automatic stay under the "for cause" provision is reviewed for abuse of discretion. Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 517–18 (D.P.R. 2016) ("United States courts of appeals reviewing motions to vacate

the Bankruptcy Code's automatic stay pursuant to section 362(d) have consistently found that the decision to grant that relief is largely discretionary with the court."). But when the determination of "cause" relies on a finding of fact, such as the existence of adequate protection, the finding of fact is reviewed for "clear error." DelBonis, 72 F.3d at 928. Only if this Court forms "a strong, unyielding belief that a mistake has been made will [it] upset the bankruptcy court's determination under a clear error standard." In re Old Cold LLC, 879 F.3d 376, 384 (1st Cir. 2018).

Lack of adequate protection is "sufficient to grant a party in interest relief from stay." Brigade Leveraged Capital Structures Fund, 217 F. Supp. 3d at 519. Adequate protection may be provided by "requiring the trustee to make a cash payment or periodic cash payments." 11 U.S.C. § 361. Also, lack of hazard insurance over the collateral can constitute cause to grant a relief for lack of adequate protection. See In re Barnes, 125 B.R. 484, 486 (Bankr. E.D. Mich. 1991) ("Another independent ground for the motion was that the vehicle was not insured and so GMAC's secured claim was not adequately protected.").

The Bankruptcy Court found cause to lift the stay because Debtors had not provided adequate protection. Debtors allege that they provided proof of insurance, and notified the Bankruptcy Court that they informed Creditor of their promise to cure all adequate protection deficiencies. Id. However, the Bankruptcy Court found that Debtors' insurance was inadequate because it did not protect Creditor's collateral from fire and hurricane damage. (Docket No. 1-4 at 84). It also found that Debtors still owed Creditor seven adequate protection payments of $3000.00 each. Id.

The Bankruptcy Court did not commit a clear error by concluding that Debtors failed to provide adequate protection. The Bankruptcy Court's record shows that when it lifted the stay, Debtors had not proven that they had cured insurance coverage defects or the arrears in adequate protection payments. See Docket No. 1-4. As to Debtors' insurance coverage, the Bankruptcy Court did not

clearly err when it found that Debtors' insurance did not comply with its order requiring an endorsement to Creditor and coverage for hurricane and fire damage. On appeal, Debtors provided documents of insurance coverage issued by Multinational Insurance Company. (Docket No. 9-6 at pg. 51-73). These documents named German Rosado Santana as insured but did not include an endorsement in favor of Creditor as a coinsured party. Id. More importantly, the insurance policy was for commercial general liability and commercial property, including theft, earthquake, volcanic eruptions, and personal and advertising injury. Id. However, the insurance policy explicitly excluded hazards such as explosions and collapses. Id. Thus, no clear error lies in the Bankruptcy Court's finding that Debtors' insurance was inadequate because it did not provide hazard insurance coverage for fire and hurricane damage—as the Bankruptcy Court specifically requested.

Since the Bankruptcy Court did not commit a clear error by finding that Debtors lacked adequate protection, it did not abuse its discretion by lifting the automatic stay for cause. Therefore, the Court **AFFIRMS** the Bankruptcy Court's decision to said effect.

    B.  <u>Order Denying Reconsideration</u>

Debtors argue that the Bankruptcy Court erred in denying the motion for reconsideration without taking into account Creditor's lack of reply to Debtors' attempts to reach an agreement. The order explained that Debtors' motion was denied for the reasons stated by Creditor in its opposition. The Bankruptcy Court delved into the issue and agreed with Creditor that Debtor's motion was a prohibited second attempt to request reconsideration of the lift to stay. In response to Creditor's Motion to Dismiss for lack of jurisdiction, this Court ruled that Debtors' Motion for Reconsideration was not a second effort to seek reconsideration, since Order #1 announcing the stay would be lifted and Order #2 lifting the stay are two different orders, entailing two different

**Civil No. 18-1082 (GAG)**

findings. (Docket No. 5; 16). Therefore, Appellant could file a motion to reconsider each. Id. It is reasonable to understand why Creditors believed it was a second motion to reconsider and why the Bankruptcy Court adopted its judgment. When one order is subject to reconsideration and the other is not, as is the case here (see Docket No. 16), confusion may ensue. Nonetheless, this Court has found that said motion for reconsideration was proper. Thus, this Court remands the motion for reconsideration as to Order #2 for it to be considered by the Bankruptcy Court, which can either grant or deny the same, accordingly.

V.   **Conclusion**

For the reasons discussed above, the Court **AFFIRMS** the Bankruptcy Court's order granting Creditor relief from stay under 11 U.S.C. § 362(d)(1) and **REMANDS** the Bankruptcy Court's order denying Debtors' motion for reconsideration to consider arguments therein.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of July, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge